**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Angela Nails, | ) | Case No. 9:24-cv-07018-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Beaufort-Jasper YMCA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action on December 4, 2024, alleging that Defendant discriminated against her on account of a disability. (Dkt. No. 1.) All pretrial proceedings in this case have been referred to the undersigned United State Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C. Now before the Court is a Motion for Summary Judgment filed by Defendant (Dkt. No. 36). For the reasons stated below, the undersigned **RECOMMENDS** that Defendant's motion (Dkt. No. 36) should be **GRANTED**, and Plaintiff's case **DISMISSED IN FULL**.

**BACKGROUND**

Although Plaintiff's specific allegations are difficult to discern, her unverified Complaint appears to allege that she was discriminated against when registering her "disability health insurance" and attempting to confirm her membership with Defendant, the Beaufort-Jasper YMCA, in 2024. (Dkt. No. 1 at 1.) Plaintiff claims that Defendant treats certain members more favorably than others. (*Id.*) She further claims that Defendant terminated her membership two days after she got into a verbal dispute with one of Defendant's employees. (*Id.*) Based on the foregoing, Plaintiff appears to bring claims for disability discrimination and retaliation. (*Id.* at 2.) Her

1

Complaint references the South Carolina Human Affairs Law ("SCHAL") and the South Carolina Equal Enjoyment and Privileges to Public Accommodations Act ("SCEEPPAA")—specifically referencing South Carolina Code §§ 45-9-10, 45-9-20, and 45-9-30—stating that South Carolina law makes it "illegal to discriminate against someone because of the person's disability."[1] (*Id.*) Plaintiff requests five million dollars, which she claims is the face value of Defendant's liability insurance policy. (*Id.* at 2–3.)

As noted, Plaintiff filed this civil action on December 4, 2024. (Dkt. No. 1.) Defendant then filed the instant Motion for Summary Judgment on October 31, 2025. (Dkt. No. 36.) On November 3, 2025, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion. (Dkt. No. 38.) Plaintiff responded in opposition to Defendant's motion on December 1, 2025. (Dkt. No. 40.) Defendant declined to reply by the December 8, 2025 deadline. (*Id.*) As such, the motion before the Court has been fully briefed and is ripe for disposition.

## **LEGAL STANDARD**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer*

---

[1]     Although the unverified Complaint does not articulate a specific basis for this Court's jurisdiction and Defendant has not raised any jurisdictional challenges, it is worth noting that Plaintiff appears to be domiciled in Georgia, potentially supporting diversity jurisdiction. (*See generally* Dkt. Nos. 1, 36.)

*Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Because Plaintiff is representing herself, these standards must be applied while liberally construing her filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION[2]

Defendant argues that it is entitled to summary judgment in its favor because no genuine issue of material fact exists regarding Plaintiff's claims. (Dkt. No. 36 at 1.) More specifically, Defendant asserts that summary judgment is appropriate because: (1) Plaintiff has failed to exhaust her administrative remedies as required by South Carolina Code § 45-9-110; (2) Plaintiff has failed to establish a *prima facie* case of disability discrimination; and (3) Defendant had a legitimate,

---

[2] In her response to Defendant's summary judgment motion, Plaintiff attempts to allege new claims that are unsupported by the facts alleged in her Complaint, which she may not do. (*See generally* Dkt. No. 40); *see also United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006) (declining to consider issue first raised in reply brief); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs" (internal citations omitted)); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (explaining that "an argument raised for the first time in a reply brief or memorandum will not be considered"). New and additional claims may be raised only by filing an amended complaint or separate civil action. As such, the undersigned has not considered Plaintiff's newly raised claims when drafting this Report and Recommendation.

3

non-discriminatory reason for terminating Plaintiff's membership. (*Id.*) The undersigned considers Defendant's arguments, below.

### I.     Exhaustion

With respect to exhaustion, Defendant argues that any attempted claim under the SCEEPPAA is barred based on Plaintiff's failure to file a charge with the South Carolina Human Affairs Commission ("SCHAC") before bringing this lawsuit in federal court. (*Id.* at 2–4.) The undersigned agrees.

Section 45-9-110 of the SCEEPPAA clearly states that "[a]n aggrieved party must file a charge alleging unlawful discrimination or segregation under Article 1 with the [SCHAC] and seek conciliation of any civil action under Section 45-9-100 prior to bringing such action in the circuit court." Here, Plaintiff does not allege—and the record does not show—that she filed a charge or complaint pertaining to the events and actions underlying her Complaint with the SCHAC. (*See generally* Dkt. No. 1.) Accordingly, it appears Plaintiff has failed to exhaust her administrative remedies with respect to any claims alleged under the SCEEPPA, and Defendant is entitled to summary judgment on all such claims.[3] *See Harrison v. Lee*, No. 2:14-cv-4544-RMG, 2015 WL 337634, at *4 (D.S.C. Jan. 26, 2015) (dismissing plaintiff's claims and noting that "even if . . . Plaintiff is attempting to assert a claim under the [SCEEPPAA] . . . he has not alleged that he provided written notice of the Defendants' alleged act or practice to the [SCHAC], or initiated any proceeding before the [SCHAC], prior to filing his Complaint in this Court").

---

[3]     Defendant correctly notes that, although Plaintiff has not alleged a federal discrimination claim under 42 U.S.C. § 2000a, her failure to exhaust her administrative remedies under South Carolina Code § 45-9-110 would also preclude any such claim. (Dkt. No. 36 at 3); *see also Harrison v. Lee*, No. 2:14-cv-4544-RMG, 2015 WL 337634, at *3 (D.S.C. Jan. 26, 2015) ("[I]n a state like South Carolina which has a state law prohibiting discrimination and a state agency authorized to grant or seek relief from such practices, this 'mandatory procedural prerequisite' must be satisfied before a federal district court can obtain jurisdiction over a § 2000a claim.").

**II.    Merits**

Turning to the merits, Defendant contends that Plaintiff has not plausibly alleged the elements of a valid disability discrimination claim, let alone established a genuine issue of material fact regarding such claim. (Dkt. No. 36 at 4–6.) More specifically, Defendant argues that the record is devoid of evidence establishing that Plaintiff is disabled, and that the record shows Defendant had no knowledge of any disability Plaintiff purportedly had or has. (*Id.* at 4–5.) Accordingly, Defendant contends that it could not have terminated Plaintiff's membership on account of her purported disability. (*Id.* at 5.) What is more, Defendant asserts that the record evidence shows Defendant had a legitimate, nondiscriminatory justification for terminating Plaintiff's membership—Plaintiff's own misconduct. (*Id.*) For these reasons, Defendant contends that it is entitled to summary judgment in its favor as to Plaintiff's disability discrimination claim.

As noted, Plaintiff's Complaint references South Carolina Code §§ 45-9-10, 45-9-20, and 45-9-30. (Dkt. No. 1 at 2.) South Carolina Code § 45-9-10(A) provides that: "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in Article 1 of this chapter, without discrimination or segregation on the ground of race, color, religion, or national origin." South Carolina Code § 45-9-20 provides an exception for private establishments, explaining that "[t]he provisions of this chapter do not apply to a private club or other establishment not in fact open to the general public," and that "[a]n institution, a club, an organization, or a place of accommodation . . . which offers memberships for less than thirty days is not private within the meaning of this section." South Carolina Code § 45-9-30 provides that: "[n]o person shall withhold, deny, or attempt to withhold or deny, or deprive, or attempt to deprive any person of any right or privilege secured by the provisions of Section 45-9-10," nor shall any person "intimidate,

5

threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by the provisions of Section 45-9-10." South Carolina Code § 45-9-30 further provides that no person shall "punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by the provisions of Section 45-9-10."

As Defendant correctly notes, nothing within South Carolina Code §§ 45-9-10, 45-9-20, and/or 45-9-30 pertains to discrimination on the basis of disability. Because Plaintiff's Complaint alleges only that Defendant discriminated against her based on an alleged disability—as opposed to her race, color, religion, or national origin—any claim Plaintiff attempts to bring under the SCEEPPAA must fail. (*See generally* Dkt. No. 1.)

Similarly, any claim Plaintiff might attempt to bring under the SCHAL would fail, as the SCHAL applies only to discrimination in employment and Plaintiff does not allege that she was ever employed by Defendant. (*See generally id.*); *see also* S.C. Code Ann. § 1-13-10 *et seq.*; *Nichols v. Securitas Sec. Servs. USA, Inc.*, No. 3:22-cv-1665-MGL-PJG, 2023 WL 8474526, at *3 (D.S.C. Aug. 17, 2023) (noting that "[c]ourts look to Title VII and the ADEA, both procedurally and substantively, to evaluate claims under the SCHAL"), *adopted*, 2023 WL 7489978 (D.S.C. Nov. 13, 2023), *aff'd*, No. 23-2282, 2024 WL 1616381 (4th Cir. Apr. 15, 2024); *McLeod v. Univ. of S.C.*, No. 3:21-cv-202-SAL-PJG, 2021 WL 2827771, at *2 (D.S.C. Apr. 21, 2021), *adopted*, 2021 WL 2827368 (D.S.C. July 7, 2021) (noting that the SCHAL "provides substantially the same rights and remedies as the Rehabilitation Act with respect to *employment* discrimination"); *Orr v. Clyburn*, 290 S.E.2d 804, 806 (S.C. 1982) (recognizing that the SCHAL follows the substantive structure of Title VII).

6

In an abundance of caution, the undersigned has also considered a potential disability discrimination claim under Title III of the Americans with Disabilities Act ("ADA"),[4] which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To the extent Plaintiff intended to bring a disability discrimination claim under Title III of the ADA, she would be required to show that: (1) she is disabled within the meaning of the ADA; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) Defendant discriminated against her because of her disability. *J.D. by Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669–70 (4th Cir. 2019).

Upon careful review, the undersigned must agree with Defendant that any claim Plaintiff might have intended to bring under Title III of the ADA would also fail. First, as Defendant correctly notes, the record is devoid of any admissible evidence indicating that Plaintiff is disabled. Indeed, Plaintiff presents nothing more than her own conclusory assertions to support this element of her discrimination claim.[5] (*See, e.g.*, Dkt. Nos. 1, 40, 40-1); *see also Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) ("Although the Court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence."); *Vaden v. Enochs*, No. 7:21-cv-00155, 2022 WL 520804, at *4 (W.D. Va. Feb. 22, 2022) ("On summary judgment, [Plaintiff] cannot rest on unsupported statements in his brief to

---

[4]     Defendant's summary judgment motion notes that Plaintiff has not alleged a cause of action under the Americans with Disabilities Act ("ADA"); rather, she alleges only state law causes of action. (*See generally* Dkt. No. 36.) Although the undersigned agrees with Defendant's interpretation of Plaintiff's Complaint, the undersigned has liberally construed Plaintiff's arguments and causes of action in an abundance of caution and in light of Plaintiff's *pro se* status.

[5]     Again, the undersigned notes that Plaintiff's Complaint is not verified. (*See generally* Dkt. No. 1.)

create a genuine dispute of fact."). Even assuming, *arguendo*, that the record evidence could prove Plaintiff is disabled, the undisputed evidence nonetheless shows that Defendant was unaware of any such disability. (Dkt. No. 36-1 at 3.) Defendant could not have discriminated against Plaintiff on account of a disability about which it was unaware. (*Id*.)

Regardless, the record before the Court plainly demonstrates that Plaintiff's membership with Defendant was terminated for the legitimate, nondiscriminatory reason proffered by Defendant—Plaintiff's misconduct during and following a verbal altercation with a staff member. (*See generally* Dkt. No. 36-1.) Although it is difficult to parse the exact events underlying Plaintiff's claims, the record suggests that Plaintiff became frustrated with an employee working at the front desk of the Beaufort-Jasper YMCA when registering for a YMCA membership to which she was entitled as part of her health insurance plan. (*See generally* Dkt. Nos. 1, 36-1, 40.) A verbal altercation between Plaintiff and the employee ensued. (*See generally* Dkt. Nos. 1, 36-1, 40.) It appears Plaintiff was able to complete the registration process and become a YMCA member. (*See generally* Dkt. Nos. 1, 36-1, 40.) However, Plaintiff called Defendant's Membership Director and Branch Director after this encounter, stating that she wanted the staff member with whom she argued to be fired. (*See generally* Dkt. No. 36-1.)

The undisputed record evidence shows that Defendant investigated the altercation between Plaintiff and the relevant staff member. (*Id*.) Following this investigation—which included speaking with Plaintiff, interviewing staff members who witnessed the altercation, and reviewing surveillance footage of the incident—Defendant concluded that the staff member involved had not acted inappropriately. (*Id*.) Defendant informed Plaintiff of this conclusion and gave her the option to continue or end her membership. (*Id*.) Plaintiff was not satisfied with the results of the investigation and reiterated that she wanted the staff member fired. (*Id*.) Plaintiff continued to

harass and threaten Defendant's staff members and engaged in disruptive conduct. (*Id*.) Ultimately, Defendant decided to terminate Plaintiff's membership because she refused to follow Defendant's code of conduct, which requires "[a]ll YMCA members . . . to act respectfully and treat all other members, volunteers and staff politely and courteously." (*Id*.) In other words, the record before the Court is devoid of evidence indicating that Defendant held any discriminatory animus toward Plaintiff. (*See generally* Dkt. Nos. 36-1.) In light of the foregoing, the undersigned **RECOMMENDS** that Defendant's summary judgment motion (Dkt. No. 36) should be **GRANTED**.

**CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Dkt. No. 36) should be **GRANTED**.

**IT IS SO RECOMMENDED**.

May 29, 2026
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

9

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).