**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Angela Nails, | Case No. 9:24-cv-7018-RMG |
| Plaintiff, | |
| v. | |
| Beaufort-Jasper YMCA, | **ORDER** |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 41), recommending that summary judgment be granted to Defendant. The Plaintiff was advised that she had 14 days to file written objections to the R & R and a failure to timely submit written objections would result in limited clear error review and waiver of the right to appeal the district court's decision to the court of appeals. (*Id*. at 10). Plaintiff filed no objections to the R & R.

## I.    Background

Plaintiff, acting pro se, alleged that she was subject to discrimination based upon an alleged disability when she was terminated from membership at the Defendant YMCA. The Magistrate Judge recommended that summary judgment be granted to Defendant because (1) Plaintiff failed to exhaust her administrative remedies; (2) Plaintiff failed to establish a prima facie case of disability discrimination; and (3) Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff's YMCA membership due to her disruptive conduct. (*Id.* at 4-9). Plaintiff submitted no written objections to the R & R.

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.    Discussion

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that summary judgment should be granted to Defendant.

## IV.     Conclusion

For the foregoing reasons, the R&R (Dkt. No. 41) is **ADOPTED** as the Order of the Court and Defendant's motion for summary judgment (Dkt. No. 36) is **GRANTED** to Defendant.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 22, 2026
Charleston, South Carolina

3